PEOPLE v SPENCER

Docket No. 137135. Submitted November 5, 1991, at Grand Rapids.
Decided December 2, 1991, at 9:15 A.M.

Charles L. Spencer pleaded guilty in the Muskegon Circuit Court,
Ronald H. Pannucci, J., of two counts of manslaughter for
allegedly causing the deaths of two persons in an automobile
accident, and was sentenced to concurrent terms of seven to
fifteen years' imprisonment. Before sentencing, the defendant
moved for, and the court denied, withdrawal of the pleas. The
defendant appealed.

The Court of Appeals *held:*

A defendant who pursuant to MCR 6.310(B) moves for the
withdrawal of a plea of guilty before sentencing must establish
that withdrawal of the plea is in the interest of justice. Once
the defendant makes such a showing, the prosecutor, if opposed
to withdrawal, must then demonstrate that substantial preju-
dice would result from allowing withdrawal.

In this case, the defendant sufficiently showed that with-
drawal of his pleas would be in the interest of justice because
the pleas may have been induced by inaccurate legal advice,
and he was unable to personally recount an adequate basis to
support the pleas. Furthermore, the prosecutor failed to estab-
lish that substantial prejudice would result from withdrawal of
the pleas. The trial court therefore should have granted the
motion for withdrawal.

Reversed and remanded.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS BEFORE
SENTENCING.

A trial court may allow a defendant to withdraw a plea of guilty
before sentencing where the defendant establishes that with-
drawal of the plea would be in the interest of justice and the
prosecutor fails to demonstrate that substantial prejudice
would result from withdrawal (MCR 6.310[B]).

*Frank J. Kelley,* Attorney General, *Gay Secor*

REFERENCES

Am Jur 2d, Criminal Law §§ 501, 502, 505.

See the Index to Annotations under Guilty Plea.

*Hardy,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Kevin A. Lynch,* Senior Assistant Prosecuting Attorney, for the people.

*Carl S. Krueger,* for the defendant on appeal.

Before: Jansen, P.J., and Neff and Connor, JJ.

Per Curiam. Defendant pleaded guilty on November 27, 1990, of two counts of manslaughter, MCL 750.321; MSA 28.553, for allegedly causing the deaths of two passengers in an automobile he struck with his own automobile, and received a sentence on January 3, 1991, of seven to fifteen years for each count, to be served concurrently. From the judgment of sentence, defendant appeals as of right. We reverse and remand to the trial court for additional proceedings.

Before defendant was sentenced, he moved to withdraw both pleas on the ground that he did not believe he was guilty of the offenses as charged. Defendant originally decided to plead guilty because he did not believe he could present a successful defense in light of the prosecution's case. However, defendant's recitation of events was insufficient to establish manslaughter. Therefore, on the basis of an agreement between the parties, the trial court relied in part on testimony from the preliminary examination to supply a factual basis for the pleas.

In his motion to withdraw both pleas, defendant argued that he came to the realization that he did have a defense to the charges upon further investigation and after considering inconsistencies in the testimony of the witnesses at the preliminary examination. Defendant also explained that he pleaded guilty upon the advice of his former attorney:

> *The Court:* Why did you plead guilty on the day of trial, then?
>
> *The Defendant:* Mr. Hipkiss told me, if I went in here and I won, I would get two years flat, nothing else; if I went in here and I lost, I would get 15 to 30; if I pled guilty, I would get 3 to 8.
>
> *The Court:* So, as a result of that, you pled guilty?
>
> *The Defendant:* Yes.

Defendant's first attorney, William Hipkiss, later testified that he did not inform defendant that he was facing a thirty-year sentence, but it was possible that defendant assumed this. Hipkiss conceded that he was not aware of the two-thirds rule and that he never advised defendant that the longest minimum sentence he could receive if found guilty after a trial was ten years. Hipkiss did advise defendant to plead guilty because the prosecution's case appeared to be strong. However, defendant's second attorney located other witnesses who supported defendant's version of the events.

Defendant contends that, despite his desire to plead guilty because of his misconception regarding sentencing, he was unable to provide the requisite factual basis to support the plea. The record reflects that, when questioned about what he did to cause the motor vehicle accident at issue, defendant claimed that his vehicle was hit by another vehicle first, which caused him to strike a station wagon, killing two of its passengers. Defendant denied he was driving over seventy miles per hour. In order to establish the requisite factual basis to permit the court to accept the plea, the parties all agreed that, in lieu of defendant's testimony, the court should rely on the preliminary examination transcript.

At the preliminary examination, the driver of the station wagon could not recall how the acci-

dent occurred. Another witness testified that a speeding car, going approximately one hundred miles per hour, caused the accident, and she described the car as a green Thunderbird with a yellow top. Yet another witness, who knew defendant, testified that he saw more than two cars involved in the accident, but believed defendant was in the speeding car. Defendant's car was a burgundy and white Thunderbird. The only witness who actually saw the accident occur said that a green and black Thunderbird hit the station wagon.

Given the inconsistencies in the preliminary examination testimony, defendant contends on appeal that the trial court should not have accepted his guilty pleas or relied on the testimony at the preliminary examination for the factual basis for the pleas. Although it is a close question, we believe that an adequate factual basis was presented for the crimes. Nonetheless, we find that the trial court erred by not allowing defendant to withdraw his pleas.

Before the recent revisions of the court rules, trial courts reviewed the withdrawal of guilty pleas before sentencing under the "great liberality" standard. *People v Ruez,* 173 Mich App 534, 535-536; 434 NW2d 184 (1988). Recent changes in the Michigan Court Rules, effective October 1, 1989, altered the standard of review for motions to withdraw guilty pleas. See *People v Holmes,* 181 Mich App 488, 497; 449 NW2d 917 (1989). MCR 6.310(B) sets forth the revised standard:

Withdrawal Before Sentence. On the defendant's motion or with the defendant's consent, the court in the interest of justice may permit an accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially

prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by MCR 6.311(B).

Under MCR 6.310(B), the use of the term "may" denotes that the trial court has discretion to allow the withdrawal of the plea before sentencing if withdrawal is in the interest of justice and the withdrawal does not substantially prejudice the prosecutor because of reliance on the plea.

MCR 6.310(B) has not been previously considered by this Court. Thus, the parameters of the amended rule and how it should be applied is a question of first impression. Some guidance may be gleaned from the staff comment on MCR 6.310, which indicates that the rule, as changed, is similar to 3 ABA Standards for Criminal Justice (2d ed), Standard 14-2.1(a). Commentary on ABA Standard, 14-2.1(a) provides that the initial burden is upon the defendant to establish a "fair and just" reason for withdrawal of the plea; the burden then shifts to the prosecutor to establish that substantial prejudice would result from allowing the defendant to withdraw the plea:

Substantial prejudice is established if the prosecution shows, for example, that vital physical evidence has been discarded, that a chief government witness has died, or that fifty-two witnesses who have come from all over the United States and from overseas naval bases have been dismissed [3 ABA Standards for Criminal Justice (2d ed), Standard 14-2.1(a), Commentary.]

See also *United States v Buckles,* 843 F2d 469, 471-472 (CA 11, 1988), cert den 490 US 1099 (1989) (under FR Crim P 32[d], prejudice to the govern-

ment is a factor to consider, among others, in deciding if a defendant should be allowed to withdraw a guilty plea).

MCR 6.310(B) varies somewhat from the ABA Standards, by use of the term "in the interest of justice." However, we believe the procedural concepts discussed in the ABA Standards are applicable. Accordingly, in order to withdraw a guilty plea before sentencing, the defendant must first establish that withdrawal of the plea is supported by reasons based on the interests of justice. If sufficient reasons are provided, the burden then shifts to the prosecution to demonstrate substantial prejudice. To constitute substantial prejudice, the prosecution must show that its ability to prosecute is somehow hampered by the delay. This would appear to require more than mere inconvenience in preparing for trial. Ultimately, the trial judge should bear in mind what is in the interests of justice in deciding if a plea may be withdrawn. Accordingly, what constitutes substantial prejudice may vary from case to case.

Under the facts of this case, we believe defendant presented sufficient reasons for the withdrawal of his pleas before sentencing. Defendant explained that he either misunderstood the ramifications of a trial or he was provided with the ineffective assistance of counsel. More importantly, defendant himself was not convinced that he was guilty of the crimes charged, and our review of the preliminary examination transcript does not substantiate that the prosecution's case was so overwhelming that defendant had no possible defense, as he apparently was advised. Defendant made his motion to withdraw and apprised the court of his claim of innocence before sentencing.

The fact that defendant's pleas may have been induced by inaccurate legal advice combined with

his refusal or inability to personally recount a sufficient basis to substantiate these charges made it incumbent upon the trial court to allow defendant to withdraw his pleas.

The prosecution did argue below that it would be prejudiced by withdrawal of the pleas because the trial was set to commence at the time the pleas were entered and some of the witnesses were from California. Although trial preparations and costs are an appropriate consideration, we do not believe that the prosecution in this case has established substantial prejudice.

Reversed and remanded for additional proceedings. We do not retain jurisdiction.