# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JENELL CAPREICE BAILEY,

Defendant-Appellee.

UNPUBLISHED
April 3, 2018

No. 339122
Macomb Circuit Court
LC No. 2016-003172-FC

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

CAVANAGH, J. (*dissenting*).

I respectfully dissent. I would affirm the trial court's decision to grant defendant's motion to withdraw her guilty plea before sentencing. MCR 6.310(B)(1) provides that a plea may be withdrawn after acceptance, but before sentencing, if the defendant can show that withdrawal is "in the interest of justice" and would not "substantially prejudice the prosecutor because of reliance on the plea." To show that the withdrawal of a plea is in the "interest of justice," the defendant must establish that a "fair and just" reason supports the request. *People v Spencer*, 192 Mich App 146, 150-151; 480 NW2d 308 (1991). A guilty plea that was induced by legal advice, actions, or inactions of the defendant's attorney may be considered a "fair and just" reason by the trial court. See *id*. at 148, 151. That is so because the assistance of legal counsel "is inextricably linked to a voluntary and understandingly tendered plea." *In re Oakland Co Prosecutor*, 191 Mich App 113, 120; 477 NW2d 455 (1991). A trial court's conclusion that a "fair and just" reason has been proffered, entitling the defendant to withdraw a plea, is reviewed for an abuse of discretion. *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012).

In this case, minutes before trial was to begin, the trial court was informed that defendant would plead guilty to all three charges, with a habitual second, in exchange for a *Cobbs*[1] agreement that she would receive a minimum sentence of 18 years' imprisonment. Defendant's appointed attorney at the time, Joseph Kosmala (Kosmala), asked the court to adopt the agreement. Defendant was sworn in, and asked several questions by the court. Regarding a trial and defendant's right to an appeal, the following exchange took place:

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

-1-

*The Court*: Do you understand, Ms. Bailey, if I accept your guilty plea that you will not have a trial of any kind.

*The Defendant*: One second.

*The Court*: Do you understand that[?]

*Mr. Kosmala* [defense counsel]: If you are pleading guilty you do not have a trial. I explained that.

*The Defendant*: (Indiscernible) what about my appeal[?]

*Mr. Kosmala*: We don't talk about the appeal.

*The Defendant*: Yes.

The court then asked defendant if she understood that by pleading guilty, she would not be entitled to an appeal as of right. Defendant's counsel, Kosmala, responded, "Yes," and then defendant responded, "Yes."

On the day scheduled for sentencing, defendant informed the trial court that she met briefly with Kosmala that morning at which time she told him that she wanted to withdraw her guilty plea and proceed to trial with a new, retained attorney. The court allowed defendant to state her reasons for seeking the withdrawal of her plea and defendant stated that she had only met with Kosmala for about 30 minutes the day before trial. At that time, he did not express to her "that he was planning to mount any type of legal defense for a trial." In other words, no legal strategy or defenses were discussed with defendant. The next day, while in the holding cell waiting to change her clothes for trial, Kosmala came to speak to her for the first time about a *Cobbs* agreement. Defendant felt like she had "no choice" but to accept the *Cobbs* agreement. Defendant explained to the court:

And when I asked him at that time do I have a chance to at least think about it? He told me: No, you have to decide now because they are ready for us in the courtroom.

I asked Mr. Kosmala at that time, I said: Well, do I even get a chance to withdraw it if I decide this isn't what I want to do?

He said: Well, this is your option. You take the 18 year plea, because I was able to whittle it down to that, or you go to trial. If you lose at trial, then the Judge is going to be even harsher on the sentence because you chose to withdraw and take it to trial.

So at that time I felt like I was backed into a corner and had no choice.

I came here that day prepared to go to trial, but if my attorney is not prepared to go to trial or has chosen not to defend me at trial, and my only option was the Cobbs agreement, and I was told we weren't going to be granted any more time, I had no choice that day as far as what I knew legally as my rights.

So yes, I did accept the Cobbs agreement under the impression that if I came back at sentencing I would have the option to withdraw, if I chose to go to trial.

That is the only reason why I went on ahead that day and accepted it.

The court responded that it does not penalize anyone for exercising their right to go to trial, and it hoped that was not expressed to defendant. Kosmala denied threatening defendant to take the plea. Defendant then clarified that Kosmala did not threaten her "per se," but he phrased it like "[t]his is how it's going to happen," which put her "under a great amount of duress." Defendant reiterated: "I really felt I had no choice that day" and she also felt that she was not "given the proper [legal] representation[.]" Kosmala then moved to withdraw as appointed counsel, noting that this was the first he had heard that defendant was dissatisfied with his representation. Defendant responded that counsel had not heard about it because she had not seen him. The court granted Kosmala's motion to withdraw and adjourned the matter.

Defendant's new attorney then filed defendant's motion to withdraw her guilty plea, arguing that there was a breakdown in the relationship between defendant and her attorney, and defendant was under the mistaken belief that she could withdraw her plea at sentencing if she changed her mind, as informed by her attorney. The prosecution did not file a response to defendant's motion and, thus, did not claim any substantial prejudice would result because of reliance on defendant's plea. See MCR 6.310(B)(1).

At the hearing on defendant's motion, defendant stated that she was told by Kosmala that if she took the plea at that time instead of proceeding with the scheduled trial, she could withdraw her plea before sentencing if she changed her mind—it was a "win-win." Defendant again explained to the court that although Kosmala came to see her the day before trial, he "had not addressed anything to me about taking a plea." The first she heard about a plea deal was just before she was to get dressed in the holding cell on the day of the trial. "I had no knowledge before I came to court that morning of any type of Cobbs agreement . . . I found out ten minutes before we walked into this courtroom." And she was operating under the impression given to her by Kosmala that "it was now or never; right at that moment." Defendant also reminded the court that when she was answering the court's questions at the time she rendered her guilty plea she kept looking to Kosmala for advice as to how to answer, and answered according to his advice. The prosecution opposed the motion, arguing only that defendant's argument was contrary to the record and did not present a fair and just reason to withdraw her guilty plea.

When the trial court made its ruling, the court acknowledged that there was no indication of a *Cobbs* request prior to the trial date and that the court had been prepared to start trial that morning. Further, the court reviewed the videotape recording of the plea hearing, and noted instances where defendant's family became upset and stormed out of the courtroom. The court also noted that defendant was "hesitant," and that defendant "did pause." "[Defendant] did have to look to her attorney on several occasions to do that." The court concluded that the withdrawal of defendant's guilty plea was "in the interest of justice."

It appears that the trial court allowed defendant to withdraw her guilty plea because it was concerned that her plea was not voluntarily or understandingly made; rather, her plea was

induced by her attorney's actions or inactions. Defendant did tell the court that she believed she was not given the proper legal representation and the court granted Kosmala's motion to withdraw. When a defendant claims that her guilty plea resulted from the ineffective assistance of counsel, the reviewing court's focus is on whether the defendant's plea was made voluntarily and understandingly. See *Oakland Co Prosecutor*, 191 Mich App at 120. And, here, according to defendant, Kosmala only met with defendant for 30 minutes the day before trial and did not discuss legal strategy or potential defenses despite the fact that she was on trial for charges that included second-degree murder and operating a vehicle while intoxicated causing death. See *People v Thew*, 201 Mich App 78, 91; 506 NW2d 547 (1993). Kosmala did not refute those claims. Further, according to defendant, Kosmala did not discuss the possibility of a *Cobbs* agreement; rather, she was told about the *Cobbs* agreement for the first time, minutes before trial was to begin, and was given no time for contemplation or discussion with her family. The trial court acknowledged that it also had no prior knowledge about a possible *Cobbs* agreement. Under these circumstances, defendant claimed, she felt she had no choice but to accept the plea agreement. In other words, defendant acted under duress caused by her attorney's actions or inactions. See *People v Jackson*, 203 Mich App 607, 610, 614; 513 NW2d 206 (1994). Further, according to defendant, Kosmala told her that she could withdraw her plea at the sentencing hearing if she changed her mind. Such advice is clearly not within the range of competence required of a defense attorney advising a defendant regarding a possible guilty plea. See *People v Mayes*, 202 Mich App 181, 183-184; 508 NW2d 161 (1993).

"It has been well recognized that a guilty plea is the most serious step a defendant can take in a criminal prosecution." *Thew*, 201 Mich App at 95. Thus, the plea must be a voluntary, as well as a knowing and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Id*. quoting *Brady v United States*, 397 US 742, 747-748; 90 S Ct 1463; 25 L Ed 2d 747 (1970). Considering the circumstances of this case, and the record evidence—which tended to support defendant's claim that she was unprepared, confused, hesitant, and reliant on her attorney for answers to the court's questioning—as well as the fact that the trial court was in the best position to decide whether defendant's guilty plea was voluntarily and understandingly made, I cannot conclude that the trial court abused its discretion when it granted defendant's motion to withdraw her guilty plea as in the interest of justice before sentencing took place. See *Cole*, 491 Mich at 329. Accordingly, I would affirm.


/s/ Mark J. Cavanagh