*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROGER ALLEN SCHAFER,

Defendant-Appellant.

UNPUBLISHED
February 10, 2025
11:53 AM

No. 363089
Isabella Circuit Court
LC No. 2021-000660-FH

Before: BORRELLO, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

Roger Allen Schafer, hereinafter defendant, pled guilty to possession of methamphetamine within 1,000 feet of school property, MCL 333.7403(2)(b)(*i*); MCL 333.7410(4), second or subsequent offense, MCL 333.7413(1). Prior to sentencing, defendant moved to withdraw his plea to this offense on the ground that it was not knowingly, voluntarily, and intelligently entered. The trial court denied defendant's motion to withdraw his plea and sentenced him to serve 60 months to 40 years' imprisonment, to run concurrently with the sentence imposed in the other lower court file. Defendant appeals as on leave granted following a remand from our Supreme Court.[1] For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant's guilty pleas in the two aforementioned cases resulted from the discovery of methamphetamine in his residence during two searches conducted under valid search warrants approximately six months apart. In the first case, defendant pled guilty to possession of methamphetamine. In the case currently under appeal, defendant pled guilty to possession of methamphetamine within 1,000 feet of a school. In exchange for these guilty pleas, several additional charges in each case were dismissed.

---

[1] See *People v Schafer*, ___ Mich ___; 3 NW3d 793 (2024).

Prior to sentencing, defendant filed a motion under MCR 6.310(B)(1) to withdraw his guilty pleas, asserting that granting the withdrawal would serve the interests of justice and would not prejudice the prosecution. He argued the interests of justice would be served because his pleas were not entered knowingly, voluntarily, or intelligently, as he had been without his prescribed medications for depression, anxiety, and bipolar disorder for at least three days at the time of the pleas. Furthermore, he contended that he had not received the police report or the facts underlying the charge of possession of methamphetamine within 1,000 feet of a school when entering his plea and argued that he had a defense against the charge, claiming that the methamphetamine did not belong to him and that others had access to the bedroom where it was found.

The trial court denied the motion, ruling that there was no error in the plea process and that it was "in the interest of justice for the matter to proceed as scheduled with the plea" due to a backlog of cases, with the prosecution prepared to go to trial at the time of the plea. The trial court concluded that the plea was made voluntarily, knowingly, and accurately, noting that defendant "was very clear in his speech, his thinking, [and] answering the questions."

After sentencing, appellate counsel filed an additional motion to withdraw defendant's guilty plea of possession of methamphetamine within 1,000 feet of a school. Defendant argued that the trial court abused its discretion in denying the presentence motion to withdraw the plea because withdrawal was in the interest of justice and the prosecution would not face substantial prejudice if the plea were withdrawn. He further contended that there was an insufficient factual basis to establish that he was aware he possessed methamphetamine in a school zone. Finally, defendant claimed that he was unable to enter a knowing, intelligent, and voluntary plea as he was experiencing substance withdrawal and had not taken his prescribed mental health medications for three days. The trial court denied the plea, stating that there was no error in the plea process and that substantial prejudice would result to the prosecution if the plea were set aside. The trial court commented that the defendant did not appear to be shaking, sweating, confused, or exhibiting any symptoms of alcohol or drug withdrawal at the time the plea was entered.

## II. ANALYSIS

In his appeal, defendant argues that withdrawing the plea serves the interests of justice for two main reasons. First, he asserts that his plea was involuntary because he could not adequately consider it without his medication. Second, defendant claims he was not provided with the facts supporting the claims, and his plea was based on a complete lack of legal advice, making it "not knowing." In summary, defendant contends that his plea should have been withdrawn because, at the time of the plea, he experienced "a complete lack of legal advice and a confused state of mind."

"This Court reviews for abuse of discretion a trial court's ruling on a motion to withdraw a plea." *People v Brinkey*, 327 Mich App 94, 97; 932 NW2d 232 (2019). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). Withdrawal of an appeal prior to sentencing is governed by MCR 6.310(B)(1), which provides that "a plea may be withdrawn on the defendant's motion or with the defendant's consent, only in the interest of justice, and may not

be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea." MCR 6.310(B)(1). Defendant's motion "must allege some support for the defendant's claim other than the defendant's mere postconviction statement[.]" *Patmore*, 264 Mich App at 151. "A plea is considered to be withdrawn 'in the interest of justice' if a defendant provides 'a fair and just reason' for withdrawing the plea." *People v Bailey*, 330 Mich App 41, 50; 944 NW2d 370 (2019) (citation omitted). "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge." *Id*. (quotation marks and citation omitted). If defendant meets the burden of showing a fair and just reason for withdrawing the plea, the burden shifts to the prosecution to show "that substantial prejudice would result from allowing withdrawal of the plea." *Patmore*, 264 Mich App at 150. What constitutes substantial prejudice may vary and "the prosecution must show that its ability to prosecute is somehow hampered by the delay." *People v Spencer*, 192 Mich App 146, 151; 480 NW2d 308 (1991). This requires "more than mere inconvenience in preparing for trial." *Id*.

A guilty plea must be knowing, intelligent, and voluntary. US Const, Ams V, VI, XIV; Const 1963, art 1, §§ 17, 20; *People v Cole*, 491 Mich 325, 333; 817 NW2d 497 (2012). "[W]e are forced to find the trial court in error for denying defendant's motion where alcohol withdrawal was obvious and may well have made his pleas involuntary." *People v Carmichael*, 86 Mich App 418, 421; 272 NW2d 667 (1978).[2]

Defendant argues that at the time of his plea, he experienced symptoms of shaking and confusion due to withdrawal from medications. However, unlike the defendant in *Carmichael*, the trial court found defendant exhibited no signs of withdrawal during the plea process—the transcript and video recording of the plea hearing support the trial court's findings. During the nearly twenty-minute hearing, defendant stood still and responded coherently to numerous questions. Notably, he did not hesitate when asked whether he possessed methamphetamine when police searched his residence, nor when questioned about his awareness of the proximity of his home to a school, which he admitted was within 1,000 feet. Defendant answered each inquiry made by the trial judge and several posed by his trial counsel without indicating any confusion. After entering his pleas, defendant, through his counsel, requested permission to attend an upcoming medical appointment. In response to a question from his trial counsel regarding the purpose of this appointment, defendant provided a clear explanation of his medical condition, the necessity for the appointment, and his upcoming surgery.

In addition to defendant's claims concerning his experiences with withdrawals during his plea hearing, he asserts that at the time of entering his plea, he had not received the police report or the factual allegations related to the charge of possession of methamphetamine within 1,000

---

[2] "Although this Court is not required to follow cases decided before November 1, 1990, a published case decided by this Court has precedential effect under the rule of stare decisis." *Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich App 248, 257 n 3; 998 NW2d 751 (2022) (quotation marks and citation omitted); see also MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.").

feet of a school. This claim suggests that his plea was not made knowingly. Again, the record belies defendant's assertions. Defendant was present during the execution of the search warrant at his residence and during his plea hearing acknowledged his possession of methamphetamine. The record does not support defendant's statements in his appeal to the contrary. Therefore, the trial court's conclusion that the plea was made knowingly did not constitute an abuse of discretion.

Furthermore, defendant argues that the prosecution failed to fulfill its obligation to demonstrate that substantial prejudice would result from the withdrawal of his plea. The prosecution contended that other cases had either been resolved or were ongoing with the understanding that the defendant's plea was valid. Although this was articulated with limited coherence, the prosecution maintained that more than mere inconvenience was at stake, asserting that the plea withdrawal would impede the prosecution of other defendants, as noted in *Spencer*, 192 Mich App at 151. Consequently, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.[3]

Defendant additionally argues that the plea was unsupported by a sufficient factual basis because the record did not establish that he knew he was within 1,000 feet of a school when he possessed the methamphetamine.

Possession of a controlled substance within 1,000 feet of a school is governed by MCL 333.7410(4), which states:

> An individual 18 years of age or over who violates section 7401b or 7403(2)(a)(*v*), (b), (c), or (d) by possessing gamma-butyrolactone or a controlled substance on or within 1,000 feet of school property or a library shall be punished by a term of imprisonment or a fine, or both, of not more than twice that authorized by section 7401b or 7403(2)(a)(*v*), (b), (c), or (d).

"The statute . . . does not require as an element of the offense that defendant knew that he was on school property. Nor is any other state of mind set forth. Such omission by the Legislature is certainly understandable in light of the statute's principal objective of protecting children." *People v McCrady*, 213 Mich App 474, 485; 540 NW2d 718 (1995).

Defendant contends that his plea lacked a sufficient factual basis to substantiate his conviction, as the record does not confirm that he was aware of his proximity to a school within 1,000 feet. However, the record refutes this claim. The trial court correctly observed that when inquired if he was within 1,000 feet of a school at the time of possessing methamphetamine, the

---

[3] We note that defendant also argues that the withdrawal of the plea was in the interest of justice because of "a complete lack of legal advice." However, to properly present an issue for appeal the appellant must identify the issue in his or her brief in the statement of questions presented. MCR 7.212(C)(5); *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). To the extent defendant's passing reference to the performance of trial counsel may be viewed as a claim of ineffective assistance of counsel, because defendant failed to identify this issue in his statement of questions presented and failed to otherwise address the issue, it is abandoned. *People v Kroll*, 341 Mich App 217, 236 n 15; 989 NW2d 822 (2022).

defendant responded affirmatively. Even assuming, for the sake of argument, that the trial court erred in this assertion, it is essential to note that the prosecution was not obligated to demonstrate that the defendant possessed knowledge of his proximity to a school within 1,000 feet. See MCL 333.7410(4); *McCrady*, 213 Mich App at 485.

The video and transcript of defendant's plea serve as compelling evidence that undermines all of defendant's assertions that his pleas were not made knowingly, voluntarily, or intelligently.

Affirmed.

/s/ Stephen L. Borrello
/s/ James Robert Redford
/s/ Sima G. Patel