*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EVERETTE RAMON GEORGE,

        Defendant-Appellant.

UNPUBLISHED
December 12, 2025
10:12 AM

No. 372377
Oakland Circuit Court
LC No. 2023-284284-FH

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Defendant pleaded no contest to two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(d) (incest), and was sentenced as a second-offense habitual offender, MCL 769.10, to 6 to 22½ years' imprisonment for each CSC-III conviction after the trial court denied defendant's motion to withdraw his plea. Defendant now appeals as on leave granted.[1]

On appeal, defendant argues that his trial counsel rendered ineffective assistance by inaccurately calculating the minimum sentence recommended by the guidelines, which rendered defendant's no-contest plea not understanding and voluntary and warrants a withdrawal of his plea in the interest of justice. We agree. The minimum sentence that induced defendant to plead no contest was factually impossible for him to have received under the guidelines. Therefore, defendant should have been permitted to withdraw his plea in the interest of justice and the trial court's denial of defendant's motion to withdraw his plea fell outside the range of reasonable and principled outcomes. We vacate defendant's sentences, reverse the trial court's denial of defendant's motion to withdraw, and remand for further proceedings consistent with this opinion.

---

[1] *People v George*, ___ Mich ___ (2025) (Docket No. 167909).

## I. BACKGROUND

At defendant's plea hearing, both parties indicated to the court that a *Killebrew*[2] agreement had been reached:

> [*Prosecutor*]: . . . With the Court's permission, it's my understanding the defendant is going to be pleading as charged to Counts . . . 1 and 2 and the habitual. We're asking the Court to accept a Killebrew to bottom of the guidelines as calculated at the time of sentencing.
>
> Preliminarily, Judge, we have him at either 30 months or 45 months. . . .
>
> [*Defense Counsel*]: Judge, that is a correct statement. That's the conversation that I have had both with the prosecutor as well as my client. The agreement in place would be for a sentence agreement, that being the low end of the guidelines once they're calculated.
>
> There is an argument at the moment whether the guidelines come out to 30 months or 45 months, but with the understanding that the Court would go along [with] the sentence agreement, that would be the low end once they are finally calculated.
>
> I have explained all that to my client.

After addressing defendant directly regarding his understanding of the arrangement, the court accepted the plea, finding that it was "freely, voluntarily, accurately, intelligently made, [and] there exists a factual basis for it." However, despite the parties' estimation that the lower end of the sentencing guidelines recommended at most a sentence of approximately four years, defendant's Presentence Investigation Report (PSIR) later determined that the minimum range recommended by the guidelines was in fact a sentence of 72 to 150 months.

At sentencing, defendant moved to withdraw his plea on the basis of the discrepancy between the guidelines range as represented to him by the prosecutor and defense counsel, and as actually calculated in the PSIR. Defendant explained to the court that he was under the impression that his minimum sentence would be between 30 and 45 months. "So that's why I gave the plea to no contest," he stated on the record. The court declared that it had been presented with "an interesting question," but denied defendant's motion because the plea agreement focused on the guidelines as calculated at sentencing. Consistent with the agreement, the trial court sentenced defendant to 6 to 22½ years imprisonment, as noted earlier.

## II. STANDARDS OF REVIEW

The interpretation and application of court rules are reviewed de novo. *People v White,* 337 Mich App 558, 567; 977 NW2d 138 (2021). A trial court's ruling on a motion to withdraw a

---

[2] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982).

plea is reviewed for an abuse of discretion. *People v Guyton*, 511 Mich 291, 301; 999 NW2d 393 (2023). "A trial court abuses its discretion if its decision falls outside the range of principled outcomes." *Id*. (cleaned up).

An ineffective-assistance-of-counsel claim presents a "mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). Generally, we review de novo constitutional questions, while we review the trial court's findings of fact, if any, for clear error. *Id*. To preserve a claim of ineffective assistance of counsel, a defendant must raise the issue in a motion for a new trial or a *Ginther*[3] evidentiary hearing filed in the trial court, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or in a motion to remand for a *Ginther* hearing filed in this Court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Defendant did none of these things and thus our review of this unpreserved issue is limited to errors apparent on the record. *Abcumby-Blair*, 335 Mich App at 227.

## III. ANALYSIS

"[T]he Due Process Clause of the Fourteenth Amendment requires that [a] plea be voluntary and knowing." *People v Cole*, 491 Mich 325, 333; 817 NW2d 497 (2012); US Const, Am XIV. These due process principles are directly incorporated in MCR 6.302, which requires that a guilty- or no-contest plea be "understanding, voluntary, and accurate." *Guyton*, 511 Mich at 298-299, quoting MCR 6.302(A). "[F]or a plea to be voluntarily and knowingly given, the accused must be fully aware of the direct consequences of the plea, and the penalty that will be imposed is the most obvious direct consequence of a conviction." *Id*. at 299 (cleaned up). A plea cannot "be understanding or knowingly entered into when it was, in significant part, induced on the basis of an inaccurate understanding of the minimum and maximum possible prison sentence[.]" *Id*. at 302-303.

Under MCR 6.310(B)(1), a defendant may be permitted, on his motion, to withdraw a plea after acceptance but before sentencing "only in the interest of justice . . . ." "A plea is considered to be withdrawn 'in the interest of justice' if a defendant provides 'a fair and just reason' for withdrawing the plea." *People v Bailey*, 330 Mich App 41, 50; 944 NW2d 370 (2019) (citation omitted). "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge." *Id*. (cleaned up). In addition, there are situations in which the plea in question is shown to be a "product of fraud, duress, or coercion." *People v Gomer*, 206 Mich App 55, 58; 520 NW2d 360 (1994) (cleaned up). The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea under MCR 6.310(B)(1). *People v Wilhite*, 240 Mich App 587, 594; 618 NW2d 386 (2000).

"Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020). When discussing a plea offer, a defense lawyer is obligated to "properly advise defendant regarding the nature of the charges or the consequences of the guilty plea and the possible defenses to the charges to which the defendant is pleading guilty so defendant has the ability to make an

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

intelligent and informed choice from among his alternative courses of action." *Id*. (cleaned up). The withdrawal of a plea may be required when ineffective assistance causes a defendant to enter a guilty plea unknowingly or involuntarily. *People v Thew*, 201 Mich App 78, 91; 506 NW2d 547 (1993). Circumstances where guilty pleas have been found involuntary or unknowing by virtue of ineffective assistance include counsel's failure "to explain to his client the nature of the charges or to discuss possible defenses to the charges to which he is pleading guilty." *Id*. Whatever the circumstances, "[w]hether a plea is unintelligently made depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, not on whether counsel's advice was right or wrong." *People v Haynes (After Remand)*, 221 Mich App 551, 558-559; 562 NW2d 241 (1997).

When a defendant meets the burden of showing a fair and just reason for withdrawing the plea, the burden shifts to the prosecution to show "that substantial prejudice would result from allowing withdrawal of the plea." *People v Patmore*, 264 Mich App 139, 150; 693 NW2d 385 (2004). The criteria for "substantial prejudice" may vary, but the prosecution must at least show that "its ability to prosecute is somehow hampered by the delay," which in turn requires showing "more than mere inconvenience in preparing for trial." *People v Spencer*, 192 Mich App 146, 151; 480 NW2d 308 (1991).

On this record, we agree with defendant that his counsel's mistaken evaluation of the potential minimum sentencing range rendered his advice deficient and resulted in defendant making an involuntary plea without proper understanding. Defendant claims that he accepted the plea agreement because he was under the impression that the guidelines would have placed his minimum sentence at 30 or 45 months. Defendant was under such an impression because his attorney had reached a deal with the prosecutor where defendant would be sentenced at the low end of the guidelines as calculated at the time of sentencing, but which both parties estimated would not exceed 45 months.

However, defendant's PSIR ultimately recommended a low-end minimum sentence that was nearly twice as long, at 72 months. The PSIR acknowledged his conviction of CSC-III, a Class B offense, and his status as a second-offense habitual offender. The Department of Corrections assessed 25 points for Prior Record Variable (PRV) 1 (prior high severity felony convictions), 2 points for PRV 4 (prior low severity juvenile convictions), 2 points for PRV 5 (prior misdemeanor convictions or prior misdemeanor juvenile convictions), and 10 points for PRV 7 (subsequent or concurrent felony convictions), for a total of 39 points, placing defendant at PRV Level D. Defendant's offense variables (OVs) were then scored as follows: 10 points for OV 4 (psychological injury to victim), 5 points for OV 10 (exploitation of vulnerable victim), and 25 points for OV 11 (criminal sexual penetration), for a total of 40 points, placing him at OV Level IV. Under MCL 777.63, the recommended minimum sentence range for an offender in the D-IV cell begins at 72 months. Consistent with the *Killebrew* agreement, the trial court adopted the low-end recommendation, imposing a sentence of 72 to 270 months.

The discrepancy cannot be attributed to good faith error. Defense counsel explained the discrepancy between his initial estimation of defendant's minimum sentence and the guidelines' recommended range by pointing to "some juvenile convictions that were not factored during our

preliminary discussions."[4]  However, defendant's four juvenile convictions are accounted for by PRVs 4 and 5, which added only four points.  Subtracting those four points from defendant's total PRV score leaves him with 35 points.  Whether defendant's actual PRV score is 35 or 39, his PRV level would remain at Level D and the minimum sentence range would not change.  See MCL 777.63.  Defense counsel's explanation is not supported by the guidelines.

More importantly, the record demonstrates that the 45-month minimum sentence quoted to defendant was never possible in light of the information about defendant's criminal history known to the parties at the time of his plea.  Because both defense counsel and the prosecutor alleged that the discrepancy in the recommendation under the guidelines was attributable to convictions that were not originally factored in, the parties understood that defendant would be sentenced on the basis of OV Level IV.  With that in mind, the only way the guidelines would recommend a 45-month low-end minimum sentence would be if defendant had a PRV score in the Level C range.  See MCL 777.63.  Level C applies to offenders with between 10 and 24 PRV points, while Level D applies to offenders with between 25 and 49 points.  *Id.*  Defendant pleaded no contest approximately seven months after the prosecutor filed a notice of intent to seek a habitual offender sentencing enhancement based on a 2015 felony conviction of assault with a dangerous weapon in aid of racketeering, 18 USC 1959(a)(3).  Thus, defense counsel should have recognized at the time of the plea agreement that defendant would be assessed at least 25 points for PRV 1.  MCL 777.51(1)(c).  On the basis of this information alone, defendant never qualified for a sentencing guidelines recommendation derived from anything less than PRV Level D.[5]

Although this Court has stated that "incorrect advice from the defendant's attorney" does not amount to a fair and just reason to withdraw a plea, *People v Fonville*, 291 Mich App 363, 378; 804 NW2d 878 (2011), whether a plea was made knowingly, voluntarily and understandingly does not turn on a retrospective evaluation of the accuracy of counsel's advice, "*but on whether that advice was within the range of competence demanded of attorneys in criminal cases*[,]" *In re Oakland Co Prosecutor*, 191 Mich App 113, 122; 477 NW2d 455 (1991), quoting *McMann v Richardson*, 397 US 759, 770-771; 90 S Ct 1441; 25 L Ed 2d 763 (1970) (quotation marks omitted).  See also *Haynes*, 221 Mich App at 558-559 (explaining that the inquiry in plea withdrawal should focus on the competence of the attorney's advice, "not on whether counsel's advice was right or wrong.").

There is a meaningful difference between failing to predict what the court might do and failing to correctly apply known facts to the statutory sentencing framework.  Because the minimum sentence defense counsel quoted to defendant was not possible in light of known information, defense counsel's performance was objectively unreasonable.  Defense counsel's

---

[4] The prosecutor likewise admitted a miscalculation, but without explicitly referring to defendant's juvenile convictions.  Rather, she attributed the error more generally to "convictions [she] was not aware of [that] were not in his criminal history."

[5] Facts supporting the 10 points assessed for PRV 7 were also readily known to defense counsel because the instant case involved two CSC-III offenses.  See MCL 777.57(1)(b) (requiring a 10-point score if the "offender has 1 subsequent or concurrent conviction").  The 10-point score, however, is not dispositive.

failure to correctly apply known facts to the statutory sentencing framework resulted in an inaccurate conclusion that the sentencing guidelines recommendation *was* between 30 and 45 months. This inaccurate conclusion formed the basis of the plea agreement that defendant was induced to accept. A defendant's accurate understanding of the sentencing guidelines recommendation is crucial during plea negotiations. "When a defendant agrees to plead guilty, he or she is making a bargain, giving up trial rights in exchange for some perceived benefit. In order for a defendant to accurately assess the benefits of the bargain being considered, the defendant must be aware of the immediate consequences that will flow directly from his or her decision." *Cole*, 491 Mich at 337. Although defendant was told by the court that "the only promise I make to you is to stay within the guidelines of this matter," defendant was provided inaccurate information about what those guidelines in fact recommended.

Defense counsel's performance fell below an objective standard of reasonableness. Because defense counsel's deficient performance deprived defendant of critical information necessary to assess the bargain being considered, defendant's plea was not understandingly, knowingly, voluntarily, and accurately made. The interest of justice requires that defendant be permitted to withdraw his plea, and the prosecution failed to establish that substantial prejudice would result from allowing withdrawal of the plea. Accordingly, the court abused its discretion by denying defendant's motion to withdraw his no-contest plea under MCR 6.310(B)(1).[6]

For these reasons, we vacate defendant's sentences, reverse the trial court's denial of defendant's motion to withdraw, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[6] The prosecution also argues that defendant is not entitled to withdraw his plea under MCR 6.310(B)(2)(a) because he allegedly violated his bond by failing to appear for preliminary breath tests 12 times. Such bond violations would no doubt be grounds to preclude withdrawal of defendant's plea under MCR 6.310(B)(3). However, defendant does not argue on appeal that he is entitled to relief under MCR 6.310(B)(2)(a). We resolve this appeal under MCR 6.310(B)(1), and the procedural bar imposed by MCR 6.310(B)(3) does not apply to that subrule. See MCR 6.310(B)(3) (precluding plea withdrawal "under subsection (2)(a) or (2)(b) if the defendant commits misconduct after the plea is accepted but before sentencing").