PEOPLE v JACKSON

Docket No. 157135. Submitted January 13, 1994, at Detroit. Decided
February 8, 1994, at 10:05 A.M. Leave to appeal denied, 445
Mich —.

Dwayne Jackson pleaded guilty in the Recorder's Court for the
City of Detroit, Beverly A. Jasper, J., of possession with intent
to deliver between 250 and 650 grams of cocaine. In exchange,
the prosecutor agreed to dismiss a charge of possession with
intent to deliver more than 650 grams of cocaine. Before being
sentenced, the defendant moved to withdraw his plea, claiming
that trial counsel erroneously advised him that he would be
eligible for good-time credits. The court sentenced the defen-
dant to twenty to thirty years in prison and then, without
conducting an evidentiary hearing, denied the motion to with-
draw the plea. The defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in denying the motion to withdraw
the plea. Where, as here, a defendant claims that his guilty
plea was induced by his attorney's faulty advice, and a proffer
of proof is made on the record, the defendant is entitled to an
evidentiary hearing. The trial court erred in refusing the
defendant's request for an evidentiary hearing. On remand, the
court must allow the defendant to attempt to show that with-
drawal of his plea is in the interest of justice.

2. The case must be remanded to the trial court to allow the
defendant an opportunity to renew his motion to withdraw his
plea and, if he requests it, for an evidentiary hearing address-
ing both the withdrawal issue and the related claim of ineffec-
tive assistance of counsel.

Denial of motion to withdraw plea vacated. Remanded for
further proceedings.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS BEFORE
SENTENCING.

A defendant's presentencing motion to withdraw a guilty plea

REFERENCES
Am Jur 2d, Criminal Law §§ 501, 502, 505.
Adequacy of defense counsel's representation of criminal client
regarding guilty pleas. 10 ALR4th 8.

should be granted in the interest of justice unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea; a defendant may show that allowing the withdrawal of the guilty plea is in the interest of justice by showing that the plea was the product of fraud, duress, or coercion (MCR 6.310).

2. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS BEFORE SENTENCING.

A defendant who moves to withdraw a guilty plea before sentencing must establish a fair and just reason for the withdrawal; the burden then shifts to the prosecutor to establish that substantial prejudice would result if withdrawal were allowed (MCR 6.310).

3. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — FAULTY ADVICE OF COUNSEL.

A defendant who claims that a guilty plea was induced by faulty advice of counsel regarding the availability of good-time credits and makes a proffer of proof on the record is entitled to an evidentiary hearing.

4. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS — FAULTY ADVICE OF COUNSEL.

Although bad advice of defense counsel alone generally is not enough to warrant the withdrawal of a guilty plea, a trial court should allow a defendant to withdraw a plea that may have been induced by inaccurate legal advice where the defendant refuses or is unable to personally recount a sufficient basis to substantiate the charge or where the defendant can show ineffective assistance of counsel combined with the existence of a meritorious defense.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Rita H. Lewis,* Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for the defendant.

Before: HOOD, P.J., and R. J. DANHOF,* and J.

_____

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1993-6.

STEMPIEN,** JJ.

PER CURIAM. Defendant pleaded guilty of one count of possession with intent to deliver between 250 and 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), with a sentencing agreement of twenty to thirty years. In exchange, the prosecutor agreed to dismiss a higher charge of possession with intent to deliver more than 650 grams of cocaine. MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Defendant was sentenced in accordance with the agreement and appeals as of right. We remand.

Defendant argues that the plea was based upon inaccurate advice from his attorney and that the trial court erred in denying his motion to withdraw the plea without holding an evidentiary hearing. We agree that an evidentiary hearing should have been held.

At the time of the plea, defendant was twenty-three years old, had graduated from high school, and had no criminal record. He was arrested after he allegedly sold fifteen hundred grams of cocaine to an undercover officer.

During the plea-taking proceeding, the court repeatedly had to ask defendant to speak up. He was apparently "weeping" during the proceedings. Defendant denied that any promises or inducements had been made. However, when the court questioned him concerning the factual basis of the plea, defendant stated that he merely had been present in the car at the same time as the cocaine and denied any intent to deliver. The court then refused to accept his plea.

After a recess, defense counsel told the court that his client had been confused but that he now

** Circuit judge, sitting on the Court of Appeals by assignment.

wanted to proceed with the plea. The court again asked defendant about his role in the crime. This time, defendant admitted trying to sell fifteen hundred grams of cocaine to an undercover agent. The plea was then accepted.

Within days, however, defendant wrote the court and requested to withdraw his plea. He claimed that he had been pressured by his attorney to plead guilty to avoid the mandatory sentence of life without parole if convicted of the higher charge. See MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Three days before sentencing, defendant's appellate counsel filed a formal motion to withdraw the plea and for an evidentiary hearing. The motion alleged undue pressure by trial counsel and asserted defendant's innocence.

Sentencing was scheduled for January 13, 1992, along with defendant's motion. At the hearing, defense counsel attempted to argue the merits of her motion but the trial court refused to allow it and, instead, sentenced defendant. At the end of the hearing, the court stated that "[w]hat we will do is schedule an evidentiary hearing on that date that will give the reporter time to prepare the transcript and we will conduct and (sic) evidentiary hearing in this matter on April 17th, see you then." The transcripts of both hearings were then ordered on the record.

There is no indication in the file regarding what happened on April 17, 1992. However, the hearing was apparently postponed until May 29, 1992, on which date it was adjourned because "APA[1] not available." On July 10, 1992, the hearing was again adjourned because the prosecutor's "office has misplaced defense motion, and is unprepared

---

[1] APA denotes assistant prosecuting attorney.

to proceed today."[2] Eventually, on August 20, 1992, the prosecution filed a brief in response to defendant's motion.

At the hearing, which was finally held on August 28, 1992, the trial court asserted that it had not granted defendant an evidentiary hearing and refused to receive any evidence. The court blamed defense counsel for the delays, asserting that she had confused the prosecutor's office by filing a postconviction motion before sentencing. The court ruled that defendant could not challenge the representations he had made at the plea proceeding that the plea was voluntarily and freely made, and then denied the motion. This was error.

MCR 6.310 allows a defendant to move to withdraw a plea—as here—before sentencing. In such cases, the court is to grant the defendant's motion "in the interest of justice . . . unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea." In contrast, where a defendant does not move to withdraw the plea until after sentencing, there is no requirement that the court grant the motion in the interest of justice. See MCR 6.311(B). In postsentencing cases, "[i]f the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." *Id.*

Where, as here, a defendant moves to withdraw the plea before sentencing, the burden is on the defendant to establish a fair and just reason for withdrawal of the plea; the burden then shifts to

---

[2] Inexplicably, both of these adjournment forms indicate that there had been no previous adjournments.

the prosecutor to establish that substantial prejudice would result from allowing the defendant to withdraw the plea. *People v Spencer,* 192 Mich App 146, 150; 480 NW2d 308 (1991); see also *People v Thew,* 201 Mich App 78, 80-81; 506 NW2d 547 (1993). Parenthetically, in this case, it must be determined whether prejudice existed at the time defendant's motion was filed, not at the time it was actually heard following the ten-month delay caused by the prosecutor's office.

Where a defendant files a motion and supporting affidavit claiming that his guilty plea was induced by his attorney's promise that he would receive a lenient sentence, he is entitled to an evidentiary hearing because his allegations raise a question of fact. *People v Sledge (On Rehearing),* 200 Mich App 326, 327-328; 503 NW2d 672 (1993). Similarly, we believe that where, as here, a defendant claims that his guilty plea was induced by his attorney's faulty advice—that, with good-time credits, he would serve only about seven years of the twenty-year minimum sentence—and a proffer of proof is made on the record, the defendant is likewise entitled to an evidentiary hearing. We note that, as demonstrated by the trial court's comments during defendant's motion hearing, the court was also under the erroneous impression that defendant was eligible for good-time credits. This is not so. See MCL 333.7401(3); MSA 14.15(7401)(3). The trial court erred in refusing defendant's request for an evidentiary hearing.

We acknowledge that, generally, courts will reject assertions that promises of leniency were made where the defendant has already sworn on the record that no such promises were made. *Sledge, supra* at 329-330. However, guilty pleas may be withdrawn on the basis of promises of leniency "if the record contains some support for

the defendant's claim, other than the defendant's postconviction allegation." *Id.* at 330. Here, defendant has been denied the opportunity to place such support on the record—except in the form of a proffer of proof. Further, defendant does not claim that promises of leniency were made. Rather, he claims that he was advised erroneously that he would be eligible for good-time credits and that his guilty plea was therefore made without full understanding of its consequences.

We do not mean to imply, however, that the trial court must allow defendant to withdraw his plea. Rather, it must allow defendant to attempt to show that withdrawal of the plea is in the interest of justice. Defendant can do this, for example, by showing that " 'the plea was the product of fraud, duress, or coercion.' " *Id.* at 329 (quoting *People v Taylor,* 383 Mich 338, 361; 175 NW2d 715 [1970]). We stress that "bad advice of defense counsel alone generally is not enough to warrant the withdrawal of a plea." *Sledge, supra* at 329; see also *People v Mayes (After Remand),* 202 Mich App 181, 192; 508 NW2d 161 (1993). On the other hand, it is incumbent upon the trial court to allow the defendant to withdraw his plea where the plea may have been induced by inaccurate legal advice and the defendant refuses or is unable to personally recount a sufficient basis to substantiate the charge. *Spencer, supra* at 151-152. The same is true where the defendant can show ineffective assistance of counsel combined with the existence of a meritorious defense. See *Thew, supra* at 95-97. We note that the issue is not whether the trial court believes the defendant's asserted defense, but rather, "whether defendant has a valid defense to the charge . . . even if he might be guilty of other offenses." *Id.* at 96.

To establish ineffective assistance of counsel, a

defendant must show a very serious error, must overcome the presumption that the challenged action might be considered sound trial strategy, and must prove prejudice. *Id.* at 89; see also *Mayes, supra* at 183. The question is not whether counsel's advice was "right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases." *Thew, supra* at 89-90. "[C]ourts must [also] determine whether the defendant tendered a plea voluntarily and understandingly." *Id.* at 89. An unknowing and involuntary plea would indicate prejudice.

A guilty plea may be "found to be involuntary or unknowing on the basis of ineffective assistance of counsel where the defense counsel has failed to explain to his client the nature of the charges or to discuss possible defenses to the charges to which he is pleading guilty." *Id.* at 91 (relying on anno: *Adequacy of defense counsel's representation of criminal client regarding guilty pleas*, 10 ALR4th 8, §§ 25-26, pp 130-151); see also *Mayes, supra* at 192. Defense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice. *Thew, supra* at 92, 95. Defense counsel, however, can only provide information; counsel "cannot possibly ensure comprehension." *Id.* at 97.

On remand, the trial court is to allow defendant an opportunity to renew his motion to withdraw the plea and, if defendant requests it, hold an evidentiary hearing addressing both the withdrawal issue and the related claim of ineffective assistance of counsel. See *Thew, supra* at 90. The court is to make specific findings of fact and to determine whether, in the interest of justice, defendant should be allowed to withdraw his plea and whether the prosecutor would be substantially

prejudiced thereby. We note that, if withdrawal is allowed, defendant may be tried on the original charge of possession with intent to deliver more than 650 grams of cocaine, which carries a mandatory term of life in prison with no possibility of parole. *People v Siebert,* 201 Mich App 402, 429-430; 507 NW2d 211 (1993).

The trial court's denial of defendant's motion is vacated and the case is remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.