# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMIE CHRISTOPHER ARNETT,

Defendant-Appellant.

UNPUBLISHED
April 28, 2015

No. 320095
Tuscola Circuit Court
LC No. 13-012824-FC

Before: HOEKSTRA, P.J., and MARKEY and DONOFRIO, JJ.

PER CURIAM.

Defendant appeals his convictions following a jury trial of 20 counts of first degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a), victim under 13 years of age. The trial court sentenced defendant to serve concurrent terms of 25 years to 37 years and 6 months in prison for each count. Defendant appeals by right. We affirm.

Defendant argues on appeal that his trial counsel provided ineffective assistance by failing to call an expert witness, failing to object to witnesses' vouching for the credibility of complainant, and inadequately advising him during plea negotiations. Defendant also argues that the trial court erred in admitting complainant's recorded interview. We disagree.

Where, as here, claims of ineffective assistance of counsel are unpreserved, review is limited to errors apparent on the record. *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). Whether a defendant has been deprived of the constitutional right[1] to effective assistance of counsel is a question of law reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

This right to counsel encompasses the effective assistance of counsel. *People v Meissner*, 294 Mich App 438, 459; 812 NW2d 37 (2011). To establish ineffective assistance of counsel, a defendant must show (1) that "counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826

---

[1] US Const, Am VI; Const 1963 art 1, § 20.

-1-

NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise. *Trakhtenberg*, 493 Mich at 52, citing *Strickland*, 466 US at 689.

Defendant first argues that the performance of his trial counsel was deficient because he failed to present an expert witness to testify that defendant could not have penetrated complainant. A nurse examiner stated that the complainant's hymenal ring was not damaged. Defendant claims that an expert would have testified that "a single incident of sexual abuse with a prepubertal child would result in a tear or transection of the hymenal ring" in 85 percent to 92 percent of cases.

It is not always necessary, however, to retain an expert witness to counter the opposing party's expert because cross-examination may suffice. *Harrington v Richter*, 562 US 86, 111; 131 S Ct 770, 791; 178 L Ed 2d 624 (2011). Here, defendant's counsel cross-examined the nurse examiner such that she conceded that the only injury she observed to complainant were two abrasions on her labia, which could have been caused by falling, or scratching, or a finger. She conceded that an intact hymen was commonly associated with virginity and that there were no signs of repeated trauma. Defendant's counsel further elicited the conclusion that sexual trauma was only a possible cause of the abrasions and that the abrasions did not definitively indicate sexual trauma.

A failure to call a witness may only constitute ineffective assistance of counsel where it deprives the defendant of a substantial defense. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). Defense counsel's duty is to prepare, investigate, and present all substantial defenses. *In re Ayres,* 239 Mich App 8, 22; 608 NW2d 132 (1999). A substantial defense is one that might have altered the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). In this case, defendant's counsel was able to demonstrate to the jury that complainant did not have tearing in her hymenal ring and that there were no physical manifestations of repeated sexual trauma. Through cross-examination, defendant's counsel presented to the jury the theory that physical examination did not demonstrate signs of sexual abuse. Counsel again emphasized this point during closing argument. Thus, counsel's performance did not deprive defendant of a defense regarding the lack of physical evidence.

Because of the "calculated risks" necessary to defend difficult cases, defense counsel is given wide discretion in matters of trial strategy. *Unger*, 278 Mich App at 242. Defense counsel's decisions are presumed sound trial strategy, and a reviewing court is not to substitute its judgment of trial strategy using the benefit of hindsight. *Id*. at 242-243; *Strickland*, 466 US at 689. Counsel's decision regarding whether to call an expert witness is a matter of trial strategy. *People v Payne,* 285 Mich App 181, 190; 774 NW2d 714 (2009). Defendant has not overcome the presumption that it was sound trial strategy to rely on plaintiff's expert to support the theory that physical evidence did not demonstrate sexual trauma instead of obtaining his own expert.

Next, defendant argues that his trial counsel provided ineffective assistance in failing to object to statements by witnesses that complainant was telling the truth. Because credibility matters are determined by the jury, it is generally improper for a witness to provide an opinion on the credibility of another witness. *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546

(2007). In this case, the complainant's mother stated that she believed complainant was telling the truth, and complainant's paternal grandmother stated that complainant was a very truthful child. Had there been any objection, it would have been proper to sustain it. Nonetheless, defendant's counsel's failure to object to the witnesses' vouching for complainant's credibility was arguably not deficient performance because it may have been a trial strategy. *Unger*, 278 Mich App at 253 (noting that declining to raise objections can often be consistent with sound trial strategy). In this case, it is possible that trial counsel did not wish to draw attention to, highlight, or appear to fear testimony that complainant's family members believed her.

Even if defense counsel's representation were deficient for failing to object to this vouching testimony, the error did not prejudice defendant. That the complainant's mother and paternal grandmother believed her reports would not likely have had a great impact on the jury. The paternal grandmother could be viewed as biased because she testified that she had previously suspected that complainant was abused and had encouraged complainant to report any sexual abuse. Additionally, complainant's consistent descriptions of her sexual abuse were corroborated by some physical evidence.

The forensic interviewer, however, stated that based on her experiences, complainant was telling her the truth. An expert may not testify that a specific victim's allegations are truthful or that sexual abuse in fact occurred. *Dobek*, 274 Mich App at 71. Thus, had defense counsel objected to this testimony, the trial court would likely have sustained the objection. Further, a jury might assign greater weight to an expert opinion regarding complainant's veracity. In sum, we discern no apparent sound trial strategy for declining to object to the statement, so we conclude that defendant's trial counsel was deficient for failing to object to this opinion about the truthfulness of complainant. Nevertheless, even though complainant's credibility was central to prosecution of the case, we conclude that no reasonable probability exists that without this vouching testimony the outcome of the case would have been different. Complainant's recounting of the abuse remained consistent throughout her reports and defendant presented no testimony or evidence that contradicted it. Additionally, there was no testimony regarding a motive for complainant to fabricate her testimony, and there was some physical evidence corroborating her claims. Thus, there was no reasonable probability that "but for counsel's error, the result of the proceeding would have been different." *Trakhtenberg*, 493 Mich at 51.

Next, defendant asserted that his trial counsel was ineffective because he inaccurately informed him that plaintiff's evidence lacked strength and because he encouraged him to reject plea offers. A defendant's right to the effective assistance of counsel includes the plea-bargaining process. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). Defense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice. *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206. In the context of a plea offer, trial counsel's mistaken advice regarding sentencing consequences of an adverse trial result may constitute deficient performance. *Douglas*, 496 Mich at 593.

Previously, this Court granted defendant's motion for remand to permit an evidentiary hearing regarding trial counsel's performance with respect to the plea offer. *People v Arnett*, unpublished order of the Court of Appeals, entered September 18, 2014 (Docket No. 320095). Defendant was given 14 days in which to bring a motion for relief in the trial court. *Id*.

Defendant failed to timely file his motion for a new trial, so the motion was dismissed. Moreover, appellate defense counsel has now conceded that this issue is without merit and that he was no longer pursuing. Consequently we need not further address it. .

Finally, although defendant argues that the trial court erred in admitting the contents of the forensic interview of the complainant, the record shows that defendant waived his hearsay objection to this evidence. A waiver is the intentional relinquishment of a known right, and it extinguishes any error. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). A party who expressly agrees with an issue in the trial court cannot expect relief on appeal because error warranting reversal cannot be predicated on that to which the aggrieved party contributed by plan or negligence. *People v Jordan*, 275 Mich App 659, 666; 739 NW2d 706 (2007), citing *People v Griffin*, 235 Mich App 27, 46; 597 NW2d 176 (1999). A counsel's statement of "no objection" may, in some cases, be the equivalent of "I approve" and constitute a waiver of objection. *People v Kowalski*, 489 Mich 488, 504-05; 803 NW2d 200 (2011).

In this case, defendant withdrew his objection to admission of the evidence during a pretrial motion hearing. Indeed, defense counsel stated that he intended to use the contents of the interview to impeach complainant's trial testimony and expose inconsistencies. Defense counsel also opined that the recording was admissible and explicitly stated that he no longer opposed admission of the evidence. An appellant may not benefit from an alleged error that the appellant contributed to by plan or negligence. *Jordan*, 275 Mich App at 666.

Additionally, defendant suggests that counsel's decision with respect to the admission of the forensic interview deprived him of the effective assistance of counsel. But as discussed above, defense counsel explained that he intended to use the contents of the forensic interview to note inconsistencies with complainant's trial testimony and as impeachment evidence. A reviewing court will not substitute its judgment of trial strategy for that of counsel with the benefit of hindsight, even where the strategy may have been mistaken. *Unger*, 278 Mich App at 242-243; *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999). Defendant has not overcome the presumption that his trial counsel provided effective assistance. *Trakhtenberg*, 493 Mich at 52.

We affirm.

/s/ Jane E. Markey
/s/ Pat M. Donofrio

-4-