*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 9, 2019

Plaintiff-Appellee,

v

No. 343092
Oakland Circuit Court
LC No. 2017-262043-FC

CHARLES MICHAEL PERRY,

Defendant-Appellant.

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant appeals by leave granted the judgment entered following his no-contest plea to charges of assault with intent to commit great bodily harm less than murder (GBH), MCL 750.84, possession of a firearm by a felon (felon in possession), MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Pursuant to a plea agreement, defendant was sentenced to 13 to 50 years' imprisonment for GBH, 3 to 25 years' for felon in possession, 3 to 25 years' for CCW, and two years' for felony-firearm, all sentences to be served concurrently except the assault GBH and one count of felony-firearm, which resulted in a minimum sentence of 15 years.[1] Prior to sentencing, defendant filed a motion below to withdraw his plea as involuntary, which the trial court denied. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At defendant's preliminary examination, the complainant testified that defendant had hired him to do some painting, which resulted in a dispute over payment. While that dispute was ongoing, the complainant saw defendant's wife when he went to his doctor for a scheduled visit.

---

[1] As part of the plea agreement, the original charge of assault with intent to commit murder, MCL 750.83, was dismissed, and defendant would serve only 2 years for the felony-firearm count.

There was a two-minute verbal exchange between them, after which she called defendant. In response to her call, defendant went to the office. He approached the complainant in the waiting room and suggested they go outside. The complainant testified that defendant told him he would not pay him any more money. Defendant then threatened to kill him, pointed a gun at him, discharging the weapon two or three times at least once while the complainant was running away. The complainant was not injured.

Defendant was initially charged with assault with intent to commit murder, felon in possession of a firearm, and carrying a concealed weapon, along with two counts of felony firearm. Defendant, who was 60 years old at the time, was subject to an enhanced habitual offender statute that required a minimum sentence of 25 years in prison. The prosecution offered defendant a plea agreement. Defense counsel communicated the offer to his client. The prosecutor offered to dismiss the assault with intent to murder charge and to amend the habitual in exchange for guilty pleas to the charges of CCW, felon in possession, an amended charge of assault GBH, and to the felony-firearm attached to the assault charge. It was further offered that the prosecutor would agree to concurrent sentences for the felony-firearm convictions and a minimum of 15 years—two years for the felony-firearm and 13 years for the assault GBH.

Less than one hour later, at approximately 10:20 a.m., defendant appeared before the judge and his counsel requested additional time in which defendant might consider the offer. The judge granted the request and the session resumed at 1:10 p.m. At that time, defendant accepted the offer. As defendant admits, the trial court complied fully with MCR 6.302; defendant answered all of the questions under oath in a way that satisfied the court that the plea was understood and voluntary; and the attorneys confirmed that it was accurate. Defendant also completed and signed a form to the same effect. The trial court accepted the plea and set a date for sentencing.

Two weeks later, defendant filed a pro se motion to dismiss his counsel and withdraw his plea. On the date originally set for sentencing, the court agreed to appoint new counsel for defendant. At the next scheduled sentencing date, defendant's new counsel requested time in which to file a motion to withdraw defendant's plea in supplementation of defendant's pro se motion, and the court agreed. At the hearing on that motion, defendant argued that his original counsel had not provided him with meaningful representation and had been wholly unprepared for trial on the scheduled date. In support of these contentions, defendant relied on two letters written five and a half weeks before the date scheduled for trial to the prosecutor and the court. Both letters addressed his dissatisfaction with his then trial counsel. He also claimed that he was innocent and had acted in self-defense. Defendant argued that, based on his counsel's ineffectiveness in being unprepared for trial, he was coerced into accepting the plea agreement to avoid conviction and a 25-year minimum sentence. The trial court denied the motion. At a hearing the following day, the trial court sentenced defendant pursuant to the plea agreement. He appeals by leave granted.

## II. LEGAL ANALYSIS

Defendant argues that the trial court abused its discretion in denying his motion to withdraw his plea because he offered sufficient reasons in support of his position that withdrawal was in the interest of justice. We disagree.

A.  PRESERVATION AND STANDARD OF REVIEW

Defendant preserved the issue of whether his plea was knowing and voluntary by filing a motion to withdraw the plea in the lower court.  *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017), citing MCR 6.310(D).  He did not move for an evidentiary hearing on the underlying issue of whether he received ineffective assistance of counsel, however, so our review is limited to the record as it exists.  *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000).

We review a trial court's holding on a motion to withdraw a plea for an abuse of discretion.  *Pointer-Bey*, 321 Mich App at 615.  An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes.  *Id*.  We review underlying factual questions for clear error, and questions of constitutional law de novo.  *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014).

B.  DISCUSSION

MCR 6.302 governs pleas of guilty or no contest.  *Pointer-Bey*, 321 Mich App at 616. Under this court rule, a plea must be "understanding, voluntary, and accurate."  MCR 6.302(A). The trial court is required to put the defendant under oath and personally engage in an extensive and specific procedure to ensure that the plea is, in fact, understanding, voluntary, and accurate. MCR 6.302(A)-(E).  In the instant case, defendant admits that the trial court complied fully with MCR 6.302 but argues that the plea was nonetheless involuntary.

MCR 6.310 provides, in relevant part, that a plea may be withdrawn before sentencing "only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea."  MCR 6.310(B).  A defendant has the initial burden to "establish that withdrawal of the plea is supported by reasons based on the interests of justice."  *People v Spencer*, 192 Mich App 146, 151; 480 NW2d 308 (1991).  See also *People v Jackson*, 203 Mich App 607, 611-612; 513 NW2d 206 (1994) ("[T]he burden is on defendant to establish a fair and just reason for withdrawal of the plea.").  If the defendant provides sufficient reasons, "the burden then shifts to the prosecution to demonstrate substantial prejudice."  *Spencer*, 192 Mich App at 151.

A defendant can meet this burden by establishing "by a preponderance of credible evidence that the plea was the product of fraud, duress or coercion or so devoid of understanding that the defendant could not be said to have been Sui juris."[2]  *People v Taylor*, 383 Mich 338, 361; 175 NW2d 715 (1970).  See also *Jackson*, 203 Mich App at 613 (internal citations omitted). If a defendant can show "ineffective assistance of counsel combined with the existence of a meritorious defense," the burden may be met.  *Jackson*, 203 Mich App at 613, citing *People v Thew,* 201 Mich App 78, 95-97; 506 NW2d 547 (1993).  In order to prevail on a claim of ineffective assistance of counsel in the context of the plea bargaining process, a defendant must

---

[2] "Sui juris" is Latin for "of one's own right; independent."  Black's Law Dictionary (10th ed).

satisfy the two-part test set forth in *Strickland*.[3] *Douglas*, 496 Mich at 592. In order to do so, a defendant must establish "that counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*., quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012). In the context of a plea agreement, a defendant must establish prejudice by showing a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v United States*, 582 US ___, ___; 137 S Ct 1958, 1965; 198 L Ed 2d 476 (2017) (quotation marks and citation omitted). Additionally, the court must determine whether a defendant's acceptance of the plea agreement was knowing and voluntary, because if it was not, the defendant will have been prejudiced. *Jackson*, 203 Mich App at 614. In any claim of ineffectiveness of counsel, it is also part of a defendant's burden to establish the factual predicate for the claim. *People v Dendel*, 481 Mich 114, 125; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008).

Here, defendant has argued that the withdrawal of his plea was in the interest of justice because he did not receive effective assistance of counsel and he had a meritorious defense. He argues that, because of his attorney's deficient performance, he was forced to decide in only one hour between going to trial with an unprepared attorney and risking a 25-year minimum sentence, and accepting the plea agreement.[4]

### 1. EFFECTIVENESS OF COUNSEL

There is a strong presumption in our law that a defendant has been provided with effective representation. *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). As proof that his counsel was unprepared for trial, defendant offered only his letters to the prosecutor and the court stating his concern about his representation and his own conclusory statements that his attorney was unprepared. The court's determination that the defendant failed to establish that the performance of counsel was deficient was not clearly erroneous. Once the defendant failed to prove that his attorney's performance was deficient, he failed to satisfy the first requirement of *Strickland*. See *Douglas*, 496 Mich at 592.

### 2. MERITORIOUS DEFENSE

---

[3] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 675 (1984).

[4] Defendant also argued as just reasons the fact that his attempt to inform the court of his counsel's deficiencies was ignored by the court, and he was surprised by the plea agreement offer. Defendant provided no support for his argument that a trial court's failure to respond to correspondence from a represented defendant is sufficient reason to establish that the interest of justice would be served by allowing withdrawal of the plea. Nor did he provide support for the proposition that a defendant's surprise in any way factors into the analysis. A defendant abandons an issue when he does not provide support for his argument in the brief. *People v Coy*, 258 Mich App 1, 19-20; 669 NW2d 831 (2003).

Defendant argues that he had a valid defense to the charges to which he pled. We note that the trial court found that the proffered self-defense claim was legally deficient where shots were fired at a retreating person. Given the court's compliance with MCR 6.302, and the failure of the defendant to establish ineffectiveness of counsel, even a valid self-defense claim does not satisfy the requirements of "the interests of justice." See *Spencer* 192 Mich App at 151.

Because defendant failed to carry his burden to show that the interest of justice required him to be allowed to withdraw his plea, we hold that the trial court did not abuse its discretion when it denied defendant's motion to withdraw his plea.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica