*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LASHAWN JERMALE LIKELY,

Defendant-Appellant.

UNPUBLISHED
December 17, 2025
1:34 PM

No. 373949
Kent Circuit Court
LC No. 23-005610-FH

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of defendant's motion to withdraw his guilty plea for possession of a controlled substance (methamphetamine/ecstasy), MCL 333.7403(2)(b)(*i*). We affirm.

## I. FACTS

Defendant was charged, as a fourth habitual offender, MCL 769.12, with: (1) one count of possession of methamphetamine, MCL 333.7403(2)(b)(*i*); (2) one count of possession of cocaine, MCL 333.7403(2)(a)(*v*), with a 2nd or subsequent offense notice, MCL 333.7413(1); and (2) two counts of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). These charges stemmed from a search of defendant's vehicle and the subsequent discovery of methamphetamine and cocaine in the car.

At defendant's final pre-trial status conference, defendant was informed that there was no plea offer. On appeal, the prosecution asserts that "[u]pon information and belief, between the final pre-trial status conference and the scheduled trial date, the prosecutor and defense attorney discussed via email a plea agreement," in which defendant would plead guilty to one count of possession of methamphetamine in exchange for the remaining charges' dismissal as well as

---

[1] *People v Likely*, unpublished order of the Court of Appeals, entered February 28, 2025 (Docket No. 373949).

-1-

minimum sentencing guidelines of 0 to 17 months' imprisonment. Thereafter, defendant pleaded guilty to one count of possession of methamphetamine.

Throughout defendant's plea hearing, defendant expressed confusion over the terms of his plea agreement. The trial court reminded defendant that he had rejected the last plea offer and repeatedly informed him that no plea offer was pending. The trial court explained at length that no plea offer would be enforced in exchange for defendant's guilty plea. Nonetheless, on the record, defendant (1) confirmed that his plea was freely and voluntarily made, (2) provided a factual basis for the plea, and (3) pleaded guilty. The prosecutor dismissed the rest of defendant's outstanding charges.

Thereafter, defendant's minimum sentencing guidelines range was established to be 19 to 38 months. At sentencing, defendant moved to withdraw his guilty plea, asserting that he had pleaded guilty because he believed that a plea agreement included a minimum sentencing guidelines range of 0 to 17 months. The prosecutor acknowledged that "[t]here was a previous offer of zero to 17 guidelines," but he explained that defendant "didn't take that deal." After reviewing the record from the plea hearing, the trial court repeated its previous statements to defendant that no plea agreement was authorized in exchange for his guilty plea. Accordingly, the trial court denied defendant's motion for withdrawal and sentenced defendant as stated earlier. Defendant now appeals.

## II. DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

On appeal, defendant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea because he "was provided false or inaccurate information regarding his minimum sentencing guideline range at the time of the plea resulting in his plea not being voluntarily and understandably made." Defendant specifically asserts that "it is clear [he] was afforded ineffective assistance of counsel, and was under duress at the time of the plea." We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Defendant preserved the underlying challenges to his plea conviction by raising them in his trial-court motion to withdraw his plea. See *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017); MCR 6.310(D). But because defendant did not raise the issue of ineffective assistance of counsel in the trial court or before this Court in a motion for remand, that argument is not preserved. See *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000).

"We review for an abuse of discretion a trial court's ruling on a motion to withdraw a plea." *Pointer-Bey*, 321 Mich App at 615. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). We review findings of fact for clear error and questions of law de novo. *Id*. "The question whether defense counsel performed ineffectively is a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). But when "claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

B. ANALYSIS

"[T]o be valid, a plea must be understanding, voluntary, and accurate." *Pointer-Bey*, 321 Mich App at 616 (quotation marks and citation omitted). "To ensure that a guilty plea is accurate, the trial court must establish a factual basis for the plea. In order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea." *Id*. (quotation marks and citations omitted).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *Id*. at 615 (quotation marks and citation omitted). But "a defendant may move to have his or her plea set aside on the basis of an error in the plea proceedings." *Id*. In the interest of justice, a court may permit an accepted plea to be withdrawn before a sentence is imposed, unless doing so would substantially prejudice the prosecution. MCR 6.310(B)(1). Defendants bear the initial burden of demonstrating that withdrawal of their plea is in the interest of justice. *People v Spencer*, 192 Mich App 146, 151; 480 NW2d 308 (1991). Generally, dissatisfaction with a sentence or incorrect advice from defense counsel are not considered fair and just reasons for withdrawal. *People v Fonville*, 291 Mich App 363, 378; 804 NW2d 878 (2011). But "[i]f sufficient reasons are provided, the burden then shifts to the prosecution to demonstrate substantial prejudice." *Spencer*, 192 Mich App at 151. "To constitute substantial prejudice, the prosecution must show that its ability to prosecute is somehow hampered by the delay. This would appear to require more than mere inconvenience in preparing for trial." *Id*.

Conversely, if the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, it must permit the defendant to withdraw their plea. See MCR 6.310(B)(1) and (C)(3). For example, a trial court should permit withdrawal of a defendant's guilty plea when the plea was induced by inaccurate legal advice and the defendant is unable to personally substantiate the charge. *People v Jackson*, 203 Mich App 607, 613; 513 NW2d 206 (1994). Similarly, if the prosecutor or trial court issues a promise of leniency in exchange for a defendant's plea, and the promise is unfulfilled, then "the plea may be withdrawn and the case [may] proceed to trial." *People ex rel. Valle v Bannan*, 364 Mich 471, 477-478; 110 NW2d 673 (1961). Withdrawal of a plea is also necessary when a defendant demonstrates ineffective assistance of counsel coupled with a meritorious defense. *Jackson*, 203 Mich App at 613.

In this case, defendant cursorily argues that he was under duress at the time of his plea, but defendant fails to explain what external pressures placed him under duress. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) (quotation marks and citation omitted). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *Id*. (quotation marks and citation omitted). Nevertheless, this argument is not persuasive considering that: (1) defendant testified that his plea was not the result of any promises, threats, or inducements; and (2) the trial court repeatedly undermined any possible inducement by informing defendant and defense counsel that no plea agreement was accepted.

Defendant further argues that his plea was not voluntarily and understandably made because he was provided false or inaccurate information regarding his minimum sentencing guideline range.[2] We disagree.

To prevail on a claim of ineffective assistance of counsel, a "defendant must first show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment of the United States Constitution." *People v Thew*, 201 Mich App 78, 89; 506 NW2d 547 (1993). "The defendant must overcome the presumption that the alleged deficient performance was sound trial strategy. Second, the alleged deficiency must be prejudicial to the defendant." *Id*. "To establish ineffective assistance in the context of a guilty plea, courts must determine whether the defendant tendered a plea voluntarily and understandingly." *Id*. "The question is not whether a court would, in retrospect, consider counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases." *Id*. at 89-90.

Even assuming, *arguendo*, that defense counsel was operating under the incorrect understanding that defendant's plea was to be made in exchange for a minimum sentencing guidelines range of 0 to 17 months, defendant fails to establish prejudice from that misunderstanding. At the plea hearing, the trial court made it abundantly clear to defendant and defense counsel that it was not accepting any plea deals in this case. Defendant indicated that he understood that he was not pleading guilty as part of any plea agreement; instead, he was simply pleading guilty as charged to one count. Defendant then: (1) confirmed that his plea was freely and voluntarily made, (2) provided a factual basis for the plea, and (3) pleaded guilty. Accordingly, defendant's plea was freely and voluntarily made, see *Pointer-Bey*, 321 Mich App at 616, and defendant has failed to establish ineffective assistance of counsel, see *Thew*, 201 Mich App at 89.

Defendant has failed to demonstrate that withdrawal of his plea would be in the interest of justice. See *Fonville*, 291 Mich App at 378. Defendant has also failed to identify error in the plea proceedings, considering that: (1) defendant personally substantiated the charge he pleaded to, see *Jackson*, 203 Mich App at 613; (2) the trial court clearly explained that there was no offer of leniency in exchange for defendant's plea, see *Valle v Bannan*, 364 Mich at 477-478; and (3) defendant failed to establish ineffective assistance of counsel, see *Jackson*, 203 Mich App at 613.

---

[2] Although defendant asserts that defense counsel provided false or inaccurate information regarding the sentencing guidelines range, he fails to articulate exactly what that false or inaccurate information was. We will assume, absent confirmation, that defendant's argument implies that defense counsel may have been operating under the incorrect understanding that defendant's plea was made in exchange for a minimum sentencing guidelines range of 0 to 17 months.

Accordingly, the trial court did not abuse its discretion by denying defendant's plea-withdraw request. See *Pointer-Bey*, 321 Mich App at 616; MCR 6.310(B)(1) and (C)(3).

Affirmed.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney