*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

AUSTIN COLE CURTSINGER,

Defendant-Appellant.

UNPUBLISHED
March 16, 2026
1:24 PM

No. 369264
Kent Circuit Court
LC No. 23-002925-FH

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Defendant and the victim were involved in an altercation which resulted in the victim's death. Defendant was convicted of manslaughter and now appeals, arguing that his trial counsel was ineffective and his sentence was disproportionate. We affirm.

## I. BACKGROUND

Defendant and the victim were coworkers who were involved in a drunken fight in a hotel parking lot. The fight ended when defendant punched the victim in the face. An expert at trial testified that because of the victim's alcohol level, the victim did not tense the muscles in his neck when he was punched, contributing to a tear in the artery in the neck, hemorrhage in the brain, and the victim's death.

Shortly before trial, defendant's trial counsel, the prosecutor, and the trial court met off record to discuss defendant's case. The trial court asked defense counsel if defendant would "take a year" if defendant pleaded guilty. Defense counsel communicated the trial court's offer to defendant in a short conversation in the hallway outside the courtroom, which was recorded without sound and shows defendant nodding his head affirmatively. The jury found defendant guilty of manslaughter, MCL 750.321, after defendant proceeded to trial arguing self-defense.

At sentencing, the trial court determined that defendant's minimum sentencing-guidelines range was 19 to 38 months' imprisonment. Defendant argued that he was remorseful and had attempted to render aid, but the victim's death was an unintended "fluke." The trial court recognized that defendant did not have a prior record but sentenced defendant to 3 to 15 years'

-1-

imprisonment because defendant attacked the victim as the aggressor and had "no justification or excuse" for the punches and the victim's death.

Defendant moved for a new trial and a *Ginther*[1] hearing, arguing that his trial counsel failed to inform him adequately of the offer and instructed him to proceed to trial on a weak self-defense theory. At the *Ginther* hearing, defense counsel testified that he had explained the law of self-defense and the minimum sentencing-guidelines range to defendant and asked defendant several times whether he wanted to proceed to trial. Defense counsel believed that defendant adequately understood the law and his case when he informed defendant about the one-year offer. Defendant and his friend testified to the contrary that defense counsel did not adequately explain the law or the strength of defendant's case. According to defendant, his defense counsel told him about the trial court's offer the morning before trial; defense counsel purportedly did not want defendant to accept the offer.

The trial court found that it, not the prosecutor, had floated an informal offer of one year off the record, that defense counsel informed defendant of the offer, and that defendant rejected it. The trial court also found that defendant was adequately informed about the relevant law and the possible minimum sentencing-guidelines range and maximum. Based on the evidence, including the video showing defendant talking to defense counsel, the trial court did not find that there was ineffective assistance of counsel and denied defendant's motion. Defendant now appeals.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant argues that his trial counsel's ineffective assistance caused defendant to reject the trial court's offer, resulting in a longer sentence. For claims of ineffective assistance of counsel, we review for clear error the trial court's factual findings and review de novo legal conclusions. *People v Urbanski*, 348 Mich App 90, 97; 17 NW3d 430 (2023). The trial court's factual determinations are clearly erroneous if we are definitely and firmly convinced that the trial court made a mistake. *People v Armstrong*, 305 Mich App 230, 237; 851 NW2d 856 (2014).

The United States and Michigan Constitutions provide criminal defendants the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). Effective assistance of counsel is presumed, and defendant bears a heavy burden to prove otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). For an ineffective-assistance-of-counsel claim, defendant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) but for this deficient performance, there is a reasonable probability that the outcome of defendant's trial would have been different. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). For defendant's claim that defense counsel's ineffective advice caused him to reject a plea deal, defendant must show a reasonable probability that, but for counsel's ineffective advice, defendant would have accepted the plea offer and received a lesser sentence than the sentence imposed. *Lafler v Cooper*, 566 US 156, 163-164; 132 S Ct 1376; 182 L Ed 2d 398 (2012). Defendant's

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

counsel must have explained the plea "to the extent reasonably necessary to permit the defendant to make an informed decision." *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995).

To begin, defendant argues that the offer that the trial court suggested to counsel in chambers was a "*Cobbs* offer." A *Cobbs* offer is an offer of a plea agreement in which the trial court states on the record the length of sentence that appears to be appropriate for the particular defendant and the particular offense. *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). A defendant who accepts a *Cobbs* offer can later reject it if, at sentencing, the trial court makes clear that it intends to impose a sentence different than the one stated earlier. *Id.* A true *Cobbs* offer, however, is made by a prosecutor, not a trial court. *Id.* at 283-284, 286. Here, the statement made by the trial court in chambers was not a *Cobbs* offer because it was not made on the record by the prosecutor.

Nonetheless, the trial court found that, as a factual matter, it had made an offer for a year of imprisonment if defendant pleaded guilty. As such, defense counsel had a duty to convey the offer to defendant. Defendant concedes that his counsel did inform him of the offer, but argues that his counsel performed deficiently because counsel did not explain to him the consequences of accepting or rejecting the offer, including the law of self-defense, the risks of trial, and the likely guidelines range. See *People v Douglas*, 496 Mich 557, 598-599; 852 NW2d 587 (2014).

With respect to the consequences involving the offer, the trial court heard conflicting witness testimony during the *Ginther* hearing. According to defendant, his counsel essentially declined the offer on defendant's behalf. Defense counsel testified to the contrary that he informed defendant of the consequences of accepting or rejecting the offer and, on multiple occasions, asked defendant if he wanted to go to trial. Based on the evidence presented during the hearing, the trial court concluded that defense counsel adequately explained the relevant considerations pertaining to the case and the trial court's offer. The trial court made credibility determinations to come to this conclusion, and we must defer to these findings unless clearly erroneous. *People v Traver*, 328 Mich App 418, 426; 937 NW2d 398 (2019). After a review of the record, we are not firmly and definitely convinced that the trial court's findings were mistaken. See *Armstrong*, 305 Mich App at 242. The trial court did not clearly err when finding that defendant was provided sufficient information to enable him to make an intelligent and informed decision. See *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). Therefore, defendant did not receive ineffective assistance of counsel.

## B. PROPORTIONALITY OF SENTENCE

Defendant also argues on appeal that his sentence was unreasonable and disproportionate because of the trial court's failure to consider mitigating factors. We review for clear error the trial court's factual findings at sentencing. *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019). Additionally, we review for an abuse of discretion whether the trial court imposed an unreasonable sentence. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). The trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes" or when the court "makes an error of law." *People v Christian*, 510 Mich 52, 75; 987 NW2d 29 (2022). A sentence is unreasonable if it is not "proportionate to the

seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459.

Factors that we consider when reviewing a defendant's sentence for proportionality include "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Lampe*, 327 Mich App at 126. There is a nonbinding presumption that within-guidelines sentences are proportionate. *Posey*, 512 Mich at 359. Here, the trial court sentenced defendant within the applicable guidelines range; his minimum sentencing-guidelines range was 19 to 38 months, and the trial court sentenced him to 3 to 15 years. Accordingly, there is a nonbinding presumption that defendant's sentence was reasonable.

Defendant argues that the trial court erred by not considering mitigating factors, but trial courts "are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). Regardless, the trial court was aware of defendant's lack of criminal history and attempts to provide aid to the victim, as they were mentioned during the sentencing hearing. Ultimately, the trial court determined that these mitigating factors did not outweigh the fact that defendant's actions as the aggressor resulted in the victim's death. Although the circumstances may have supported a lesser sentence, defendant's mitigating factors are not sufficient to overcome the presumption that his within-guidelines sentence was reasonable and proportionate. See *Posey*, 512 Mich at 359. Therefore, the trial court did not abuse its discretion when sentencing defendant.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani