*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY ROBERT JULIO,

Defendant-Appellant.

UNPUBLISHED
December 16, 2024
11:18 AM

No. 366819
St. Clair Circuit Court
LC No. 22-001452-FH

Before: RIORDAN, P.J., and BOONSTRA and YATES, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea convictions of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and tampering with evidence, MCL 750.483a(6)(b). The trial court sentenced defendant to concurrent prison terms of 2 to 10 years for each conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In June 2022, defendant was detained by law enforcement in Port Huron; defendant was discovered to be in possession of methamphetamine and he was placed in the rear-passenger seat of a police vehicle. While seated there, defendant attempted to dispose of additional methamphetamine in his possession by rubbing it into the seat of the vehicle. Defendant was charged, as a fourth-offense habitual offender, MCL 769.12, and a second-offense controlled substance offender, MCL 333.7413(1), with one count of possession of methamphetamine and one count of tampering with evidence.

---

[1] See *People v Julio*, unpublished order of the Court of Appeals, entered September 28, 2023 (Docket No. 366819).

In July 2022, defendant pleaded guilty to both of the charges.[2] In exchange for the guilty plea, the prosecution agreed to dismiss the fourth-offense-habitual-offender and the second-offense-controlled-substance-offender sentence enhancements. In September 2022, the trial court held a sentencing hearing at which defendant was present. During the hearing, defense counsel orally moved to withdraw as defendant's attorney, as well as to withdraw defendant's guilty plea. Defense counsel stated that he had provided defendant with an incorrect sentencing guidelines range estimate due to being unaware at the time of an additional prior felony conviction that was not listed on defendant's criminal background report; this conviction was later discovered and used to calculate the recommended sentencing guidelines range in defendant's pre-sentence investigation report (PSIR). This additional felony conviction resulted in defendant's Prior Record Variable (PRV) score being calculated higher that defendant's attorney had anticipated, which changed defendant's guidelines range and moved him from a "straddle cell" to a "prison cell."[3] Defendant cited the difference in the sentencing guideline range as his reason for wanting to withdraw his guilty plea, and he also expressed a desire to no longer have defense counsel as his attorney due to defense counsel's errors in calculating the sentencing guidelines range. The trial court denied defense counsel's oral motion to withdraw from the case, and it ordered the parties to file a written motion and response addressing defendant's request to withdraw his plea.

The trial court subsequently held a motion hearing addressing defendant's subsequently-filed written motion to withdraw his plea. The court denied the motion, holding that there was no error in the plea proceeding that provided a basis to withdraw the plea. The trial court noted that defendant was aware of his previous convictions and should have corrected his criminal record (at least by informing his own counsel) if a conviction was missing, and further finding that there were no promises or threats inducing defendant to agree to the plea agreement. In October 2022, the trial court held a second sentencing hearing at which defendant was present. During this sentencing hearing, defendant was removed from the proceedings for 13 minutes due to his disruptive behavior. He was brought back into the courtroom before the imposition of his sentences and was given a chance to address the court regarding any mitigating factors. The trial court then sentenced defendant as described. This appeal followed.

## II.  PLEA WITHDRAWAL

Defendant argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea because the plea was not voluntary. Alternatively, defendant argues that his plea was invalid because his trial counsel was ineffective. We disagree.

---

[2] Defendant's plea was taken by the district court, and defendant was later bound over to the circuit court for sentencing. Because the distinction between the district court and the circuit court is not relevant to the issues on appeal, we refer to both courts as "the trial court."

[3] A "straddle cell" represents a minimum sentencing guidelines range that includes a low end of less than one year's imprisonment and a high end of one year or more. See State of Michigan Sentencing Guidelines Manual, Step IV § A (2024). A "prison cell" represents a range where even the low end of the range is at least one year's imprisonment.

This Court reviews for an abuse of discretion a trial court's denial of a motion to withdraw a guilty plea. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017), citing *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011). "Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012) (quotation marks and citation omitted). "This Court reviews findings of fact for clear error and questions of law de novo." *Id*. Clear error exists if the reviewing court "is left with a definite and firm conviction that the trial court made a mistake." *People v Abcumby-Blair*, 335 Mich App 210, 227-228; 966 NW2d 437 (2020) (quotation marks and citation omitted).

A court can only accept a plea that is understanding, voluntary, and accurate. *Brown*, 492 Mich at 688-689. A defendant must fully understand the direct consequences of a plea in order for it to be voluntary and understanding, and the trial court must inform the defendant of the maximum possible sentence for all charges, as well as any mandatory minimum sentences. *Pointer-Bey*, 321 Mich App at 616; MCR 6.302. The trial court may permit a plea to be withdrawn after it has been accepted, but before sentencing, if it is in the interest of justice and would not "substantially prejudice" the prosecution. *People v Wilhite*, 240 Mich App 587, 593-594; 618 NW2d 386, 389 (2000), quoting MCR 6.310(B). The burden is on the defendant to show a "fair and just" reason for withdrawing the plea. *Id*. at 594. "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge. Things that are not considered fair and just reasons are dissatisfaction with the sentence or incorrect advice from the defendant's attorney." *People v Fonville*, 291 Mich App 363, 378; 804 NW2d 878 (2011). When a defendant offers proof that a plea was made involuntarily, and that proof is "inconsistent with defendant's own testimony during the plea hearing, the trial court did not abuse its discretion when it denied defendant's request for an evidentiary hearing." *People v White*, 307 Mich App 425, 430-431; 862 NW2d 1 (2014).

Our Supreme Court has stated, in addressing the withdrawal of pleas claimed to be involuntary on the basis of ineffective assistance of counsel:

> A defendant seeking relief for ineffective assistance in this context must meet *Strickland*'s familiar two-pronged standard by showing (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [*People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014), quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012).]

In the context of a guilty plea, a defendant "must show the outcome of the plea process would have been different with competent advice." *Id*., quoting *Lafler*, 566 US at 163. "When ineffective assistance is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly." *White*, 307 Mich App, at 431. "Guilty pleas have been deemed involuntary or unknowing when defense counsel failed to explain adequately the nature of the charges." *Id*. Conduct of defense counsel is found to be unreasonable when it fails to fulfill the "critical obligation" of advising defendants of the "advantages and disadvantages

of a plea agreement." *Douglas*, 496 Mich at 594, quoting *Padilla v Kentucky*, 559 US 356, 370; 130 S Ct 1473; 176 L Ed 2d 284 (2010).

There was no evidentiary hearing or *Ginther*[4] hearing held regarding the ineffective assistance of counsel claim; thus, defendant is only entitled to review for errors on the record. *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008).

In this case, defendant argues that his plea was involuntary because he was induced into entering the plea by defense counsel's incorrect sentencing-guidelines-range estimate. We disagree. The record indicates that defendant was not induced, or otherwise swayed, by the inaccurate guidance of his defense counsel in entering his guilty plea, and that the trial court complied with plea requirements of MCR 6.302. During the plea hearing, defendant stated to the court that he wanted to speak to his counsel because he was "thinking about copping to the plea" because he did not want to "waste any more of the court's time for [his] stupid actions." The trial court informed defendant that he would be pleading to one count of tampering with evidence, punishable by up to 10 years in prison, and one count of possession of methamphetamine, also punishable by up to 10 years in prison. Defendant responded affirmatively when asked by the trial court if he understood the charges he was pleading to, and the penalties for those charges:

> *The Court*: Okay, so what that means, sir, is that for the Possession of Methamphetamine you'd be looking at up to ten years in prison. For the Tampering with Evidence, in a criminal case punishable by more than ten years, that too is a felony punishable by up to ten years in prison. You understand the nature of the two charges that you're pleading guilty to, and the penalties for those charges?
>
> *Defendant*: Yes, sir.

Defendant did not make any statements during the plea hearing indicating that he did not understand the possible maximum sentence, or indicate that he was promised a more lenient sentence for pleading guilty. On the contrary, defendant confirmed that he had not been induced to plead guilty:

> *The Court*: All right. And have there been any threats or promises made to induce you to plead guilty, other than what we've just talked about here today on the record?
>
> *Defendant*: No, sir.

Defendant made no reference to his trial counsel's estimate of his potential sentencing guidelines range. Defendant made no claim of innocence during the proceeding. The court confirmed with defendant that he was choosing to plead guilty, and confirmed his understanding that he would be sentenced at a later time in the circuit court. After providing a factual basis for the guilty plea, defendant was subsequently bound over for sentencing. Defendant has not shown an error in the

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

plea-taking process or that the trial court abused its discretion by accepting defendant's plea at the time of the plea hearing. *Pointer-Bey*, 321 Mich App at 616; MCR 6.302.

Notwithstanding the lack of defects in the plea proceeding itself, defendant argues that his counsel's error in estimating his potential sentencing guidelines range was a "fair and just reason" to withdraw his plea when he raised the issue in his motion.[5] We disagree.

The record in this case does not support defendant's claim that defense counsel acted unreasonably in incorrectly calculating the sentencing guidelines range. A defense attorney's conduct may fall below an objective standard of reasonableness if he fails to advise a defendant on information regarding his current charges. *Douglas*, 496 Mich at 595. In this case, however, defense counsel was missing information about a prior conviction unrelated to the case in which he was representing defendant. Defense counsel and the prosecution both confirmed that the prior conviction was not included in defendant's criminal background check. Defense counsel acted reasonably in giving defendant an estimated guidelines range based on the information available to him at the time. Further, the record does not show that defense counsel would have advised defendant any differently had he calculated the sentencing guidelines correctly. And there is no evidence on the record that defense counsel failed to adequately explain the nature of the charges, or the advantages and disadvantages of taking a plea, or that his conduct otherwise fell below the objective standard of reasonableness. See *Douglas*, 496 Mich at 594; *White*, 307 Mich App at 431.

Additionally, defendant has not established that the outcome of the plea process would have been different had his counsel advised him correctly. *Douglas*, 496 Mich at 597. Although defendant argued before the trial court, and argues on appeal, that he would not have accepted the plea agreement had he been given a correct sentencing guidelines range, the record of the plea hearing does not support that assertion. Defendant admitted to the conduct alleged in the charges during his plea hearing, and he affirmed that he was not induced by promises of a more lenient sentence. He never mentioned his defense counsel's estimate, and he affirmed that he understood the potential maximum sentences he faced for each offense. *White*, 307 Mich App at 431. Defendant has not shown prejudice. *Douglas*, 496 Mich at 594. Accordingly, defendant has not demonstrated a fair and just reason to withdraw his plea based on his defense counsel's inaccurate sentencing guidelines range estimate. See *Wilhite*, 240 Mich App at 596-597 (noting that the defendant "voluntarily and knowingly pleaded no contest to the charges pursuant to a plea agreement placed on the record, which did not encompass a delay of sentence or dismissal of charges" and holding that "even if defense counsel suggested to [the defendant] that a delayed sentence with dismissal of charges might be forthcoming, counsel's incorrect advice is insufficient to demonstrate that the plea was involuntary . . . ."); see also *Fonville*, 291 Mich App at 378.

---

[5] Defendant also notes, without developing the argument, that he asserted his innocence at the sentencing hearing. However, the record reflects that although defendant cursorily asserted that he was "actually innocent," he immediately thereafter acknowledged, "I admitted to having drugs on me."

Defendant also contends that both defense counsel's and the district court's failure to inform him of the possibility of consecutive sentencing rendered his plea involuntary. We disagree; failure to inform a defendant of potential of consecutive sentencing is only grounds to withdraw a plea if consecutive sentences are actually imposed. MCR 6.310(B)(2)(c). In this case, consecutive sentences were not sought by the prosecution, nor were they imposed by the trial court. Accordingly, defendant is not entitled to withdraw his plea on this ground.

## III. REMOVAL OF DEFENDANT DURING SENTENCING

Defendant also argues that the trial court reversibly erred when it removed defendant from the courtroom during his sentencing hearing, as his removal was unwarranted and affected his substantial rights. We disagree.

In general, an issue is preserved for appeal if it was raised in or decided by the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Defendant did not object to his removal from the sentencing hearing; therefore, the issue is unpreserved for appellate review. This Court reviews "unpreserved constitutional issues for plain error affecting the defendant's substantial rights." *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). To establish that an error affected his substantial rights, a defendant must show prejudice, i.e., that the error affected the outcome of the proceedings against him. *Id*. Even if plain error occurred, reversal is only required if "the plain, forfeited error resulted in the conviction of an actually innocent defendant or seriously affect[ed] the fairness, integrity or public reputation of the judicial proceedings . . . ." *People v Anderson*, 341 Mich App 272, 284; 989 NW2d 832 (2022), quoting *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

"A criminal defendant has a constitutional right to be present at any stage of a trial during which substantial rights might be adversely affected, including during sentencing." *Anderson*, 341 Mich App at 281. But a defendant can lose his right to be present at stages of a trial if he has been "warned by the judge that he will be removed if he continues his disruptive behavior, [and] he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *People v Kammeraad*, 307 Mich App 98, 118; 858 NW2d 490 (2014), quoting *Illinois v Allen*, 397 US 337, 343; 90 S Ct 1057; 25 L Ed 2d 353 (1970). In *People v Buie (On Remand)*, 298 Mich App 50, 58-59; 825 NW2d 361 (2012), this Court gave some guidance on what constitutes "repeatedly disruptive conduct" by distinguishing the matter from the circumstances in *People v Harris*, 80 Mich App 228, 230; 263 NW2d 40 (1977). In *Harris*, the defendant was removed after "repeatedly interrupt[ing] the trial with his willful and disorderly behavior, making it impossible to carry on the proceedings in his presence." *Buie*, 298 Mich App at 58, quoting *Harris*, 80 Mich App at 229-230. The *Harris* Court concluded that "the trial court acted within the proper scope of discretion in removing defendant from the proceedings" after warning the defendant he would be removed if the behavior continued. *Buie*, 298 Mich App at 58, quoting *Harris*, 80 Mich App at 229-230. In contrast, the defendant in *Buie* was warned only once to stop interrupting during voir dire before he was removed from the courtroom. *Buie*, 298 Mich App at 59. The *Buie* Court concluded that the "defendant's one outspoken moment, by itself, does not justify removal from the courtroom." *Id*.

In this case, defendant was twice asked to stop interrupting during the hearing before he was removed. However, defendant's behavior was not repeated over an extended period of time—defendant was removed from the hearing only six minutes after it began. Further, it is not clear from the record that it was "impossible" to carry out the proceedings if defendant remained in the courtroom. Therefore, it is at least arguable that the trial court abused its discretion by removing defendant without giving him additional warnings or addressing the conduct in another fashion.

We need not decide the issue, however, because defendant fails to establish that any error affected his substantial rights. During defendant's 13-minute absence from the courtroom, defense counsel competently advocated on defendant's behalf. Defense counsel explained that defendant had completed two substance-abuse courses while incarcerated, and that he struggled with learning disabilities that made it difficult for him to follow the more complicated aspects of the proceedings. Defense counsel concluded by asking for a sentence at the low end of the sentencing guidelines range. The parties also clarified that the prosecution was not seeking consecutive sentencing in this case. Defendant was then brought back into the courtroom. Upon his return, defendant was given the opportunity to address the court with any additional mitigating factors he wanted placed on the record, including his dissatisfaction with counsel, his desire to withdraw his plea, and his request for rehabilitation rather than incarceration.

The record does not indicate that the outcome of the proceedings would have been different if defendant had not been briefly removed from the courtroom. *Wiley*, 324 Mich App at 150. Accordingly, defendant had not established plain error affecting his substantial rights. *Id*.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Christopher P. Yates

-7-